IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| NOREEN FRANK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No.: GJH-15-124 |
| v. | * | |
| | | |
| LIBERTY LIFE ASSURANCE COMPANY | * | |
| OF BOSTON, et al., | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Noreen Frank brings this case against Liberty Life Assurance Company of Boston ("Liberty"), Sodexo, Inc. ("Sodexo"), and Sodexo Long Term Disability Plan ("Sodexo Plan"). Frank's claims for relief arise under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1) and (3). ECF No. 1 at ¶ 1. Plaintiff alleges wrongful denial of benefits and breach of fiduciary duty stemming from Liberty's termination of Frank's long-term disability ("LTD") benefits.

This Memorandum Opinion and accompanying Order address Defendants Sodexo Plan and Sodexo's Motion to Dismiss the Complaint (ECF No. 14), Frank's Motion for Partial Summary Judgment, to Set a Scheduling Order, and to Permit Discovery (ECF No. 31), and Liberty's Motion to Seal Exhibits to Affidavit of Paula J. McGee (ECF No. 36). The issues are adequately briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Defendant Sodexo and Sodexo Plan's Motion to Dismiss is GRANTED, Plaintiff's Motion for Partial Summary Judgment is GRANTED against Defendant Liberty and

DENIED against Defendants Sodexo and Sodexo Plan, Plaintiff's Motion to Set a Scheduling Order and Motion to Permit Discovery are DENIED as moot, and Defendant Liberty's Motion to Seal Exhibits is GRANTED.

## I. BACKGROUND[1]

At all times relevant to this matter, Frank has been a participant of the Sodexo Plan. ECF No. 1 at ¶ 3. Defendant Sodexo employed Frank as a Human Resources Director. *Id.* at ¶¶ 3, 9.

Defendant Sodexo Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA. *Id.* at ¶ 3. The Summary Plan Description ("SPD") designated the Corporate Benefits Department of Sodexo as the plan administrator and plan fiduciary of the Sodexo Plan. *Id.* at ¶ 4. Sodexo Operations, LLC, to whom the policy was issued, is a wholly owned subsidiary of Sodexo. *Id.*

Defendant Liberty issued policy number GD3/GF3-810-252576-01 ("Liberty Policy") to Sodexo Operations, LLC, under which the Sodexo Plan provides LTD benefits. *Id.* at ¶ 5. Liberty "was insurer and decision maker for [the Sodexo] Plan, and is legally liable for providing the LTD benefits sought [in the Complaint]." *Id.*

Frank is disabled by severe pain in her lower back, which radiates into her legs, and other conditions. *Id.* at ¶ 10. Throughout the course of her claim, Frank complied with the requirements of the Sodexo Policy, submitting medical evidence demonstrating the cause of her pain and proof that she was entitled to LTD benefits. *Id.* On December 6, 2012, Frank submitted to Liberty an "Activities Questionnaire" that explained her physical limitations. *Id.* at ¶ 11. On December 17, 2012, Liberty informed Frank that she was eligible to receive LTD benefits and began paying LTD benefits to her effective December 9, 2012. *Id.* at ¶ 12. During the course of

---

[1] For the motion to dismiss, the well-pled allegations in Frank's Complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

her claim, Liberty caused Frank to be secretly observed eighteen times in eight-hour intervals from March 26, 2013 to September 14, 2013. *Id.* at ¶ 13. On October 23, 2013, Frank submitted another activities questionnaire to Liberty. *Id.* at ¶ 14.

Liberty obtained an "occupational analysis/vocational review" dated November 18, 2013 by Ellen Levine, who described Frank's occupation as "most often sedentary and light in physical demand." *Id.* at ¶ 15. Liberty also obtained a medical review from Dr. Gayle G. Brown, Jr., dated December 10, 2013, which "concluded that there was no medical support for restrictions and limitations precluding full time sedentary and light physical work, purportedly relying in part on the surveillance film as supporting Frank's ability to perform work at the sedentary and light physical demand levels." *Id.* at ¶ 16. Dr. Brown also summarized her opinion in a December 12, 2013 letter to Dr. Mohsin Sheikh, one of Frank's treating physicians. Dr. Sheikh responded to Dr. Brown's letter by noting his conclusion that Ms. Frank cannot perform full time sedentary work due to chronic pain that does not allow her to sit. *Id.* at ¶ 18. Dr. Sheikh also explained that Frank has difficulty concentrating due to the chronic pain and the side effects from medications which she needs. *Id.* Dr. Brown provided a supplemental report dated January 27, 2014, concluding that she remained of the opinion that Frank can perform "full time sedentary work, including the essential duties of her occupation, with allowance for position change [sit/stand/sit] as needed" but that "given the difference in opinion between Dr. Sheikh and this reviewer you may wish to consider an independent medical evaluation." *Id.* at ¶ 20.

On January 20, 2014, Liberty terminated Plaintiff's LTD benefits effective December 31, 2013, but invited Plaintiff to appeal that decision. *Id.* at ¶ 19. On July 14, 2014, Plaintiff appealed the termination of her LTD benefits. *Id.* at ¶ 22. Liberty denied Frank's appeal on October 28, 2014. *Id.* at ¶ 24.

3

The Liberty Policy that Sodexo distributed to Frank does not mention or reference any requirement for "objective evidence" or "clinical evidence" to support a claim, except to state that "Proof" may include a claim form submitted by the claimant, an attending physician's statement submitted by the claimant's physician, and "standard diagnosis, chart notes, lab findings, test results, x-rays, and/or *other forms of objective medical evidence* in support of a claim for benefits." *Id.* at ¶ 28 (emphasis added). The plan document itself, as amended and restated effective January 1, 2012, requires proof of claim "satisfactory to the insurer," including information regarding the date, cause, and degree of disability. *Id.*

The SPD repeatedly mentions objective evidence, stating that (1) to receive LTD benefits "you must provide objective clinical evidence satisfactory to the insurance company to support your inability to perform the regular duties of your job"; (2) in order for the claimant to continue receiving benefits, the claimant's physician must be "able to provide objective evidence regarding progress towards recovery"; (3) benefits will end if the claimant receives benefits "through the normal recovery time for your condition and you do not provide objective clinical evidence to support your continued absence from work" or the claimant or their "doctor does not provide required medical information that supports physical or mental impairment that is demonstrated by clinical and laboratory evidence"; and, (4) "Periods of Disability lasting longer than the normal period of recuperation must be supported by objective clinical and laboratory evidence." *Id.*; *see also* ECF No. 14, ex. 3 at 9, 10, 17. Also of note, the Liberty Policy "contains a clause that purports to reserve *sole discretion to Liberty to interpret it.*" *Id.* at ¶ 37.E (emphasis added).

## II. DEFENDANTS SODEXO AND SODEXO PLAN'S MOTION TO DISMISS

### A. Standard of Review

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a claim upon when relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Conn. Gen. Life Ins. Co. v. Advanced Surgery Ctr. of Bethesda, LLC*, No. DKC 14-2376, 2015 U.S. Dist. LEXIS 91689, at *13 (D. Md. July 15, 2015) ("At this stage, all well-pled allegations in a complaint must be considered as true and all factual allegations must be construed in the light most favorable to the plaintiff."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When assessing a motion to dismiss, courts refer to the pleading requirements of Rule 8(a)(2) to determine if the complaint adequately states a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A well-pleaded complaint may proceed even if the "actual proof of those facts is improbable and recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted). For a motion to dismiss, judges are required to assess "the sufficiency of the complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. That showing must consist of more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. "In evaluating the complaint, unsupported legal allegations need not be accepted." *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Similarly, "[l]egal conclusions couched as factual allegations are insufficient as are conclusory factual allegations devoid of any reference to actual events." *Conn. Gen. Life Ins. Co.*, 2015 U.S. Dist. LEXIS 91689 at *13-14 (internal citations omitted). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

Courts are generally not allowed "to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). "However, there are limited circumstances in which the court may consider extrinsic documents in the context of a motion to dismiss," including "documents 'attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Philips v. Pitt. Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### B. Declaratory Relief under § 502(a)(1)(B) Against Sodexo Plan (First and Second Claims)

Defendants Sodexo and Sodexo Plan move to dismiss Plaintiff's ERISA § 502(a)(1)(B) claims against the Sodexo Plan. Generally, ERISA applies to "any employee benefit plan" established or maintained by "any employer engaged in commerce or in any industry or activity affecting commerce," "any employee organization or organizations representing employees

engaged in commerce or in any industry or activity affecting commerce," or both. 29 U.S.C. § 1003(a). "An 'employee welfare benefit plan' refers to 'any plan, fund, or program' established or maintained by an employer or employee organization to provide, *inter alia*, medical, surgical, or hospital benefits to employees." *Sonoco Prods. Co. v. Physicans Health Plan, Inc.*, 338 F.3d 366, 368 n.3 (4th Cir. 2003).

Under ERISA § 502(a)(1)(B), a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "An employee benefit plan may sue or be sued under this title as an entity." 29 U.S.C. § 1132(d)(1). "This court has held that review of a benefits determination under § 1132(a)(1)(B) should consider among other factors, 'whether the decision making process was reasoned and principled,' 'whether the decision was consistent with the procedural and substantive requirements of ERISA,' and 'the fiduciary's motives and any conflict of interest it may have.'" *Korotynska v. Metro Life Ins. Co.*, 474 F.3d 101, 107 (4th Cir. 2006).

Here, Plaintiff's Complaint fails to allege facts that state a claim against the Sodexo Plan. As Defendants correctly note, Plaintiff's "First Claim for Relief mentions the Plan in the heading, but in the forty-three paragraphs that follow the heading, there is not a single allegation that purports to describe anything that the [Sodexo] Plan did or failed to do." ECF No. 24 at 3; *see* ECF No. 1 at ¶¶ 6-49. Plaintiff's second claim asserts that the Sodexo Plan and Liberty failed to provide Plaintiff a full and fair review of her claim or a full and fair review of the appeal from the termination of her claim for LTD benefits, ECF No. 1 at ¶ 50, but fails to assert that the Sodexo Plan participated in the review, ECF No. 1 at ¶¶ 11-39. Additionally, Plaintiff acknowledges that Liberty was the "insurer and decision maker for [the Sodexo] Plan, and is

7

legally liable for providing the LTD benefits sought [in the Complaint]." ECF No. 1 at ¶ 5. Plaintiff's conclusory allegation that the Sodexo Plan and Liberty failed to provide Plaintiff a full and fair review does not meet the standards provided in *Twombly*. *Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."). Accordingly, Defendants Sodexo and Sodexo Plan's motion to dismiss Plaintiff's § 502(a)(1)(B) claims against the Sodexo Plan is GRANTED.

### C. Breach of Fiduciary Duty Under § 502(a)(3) Against Sodexo (Third Claim)

Defendants Sodexo and Sodexo Plan move to dismiss Plaintiff's Third Claim, which alleges that Sodexo breached its fiduciary duty owed to Frank. ECF No. 1 at ¶¶ 52-59. Under ERISA § 502(a)(3), a participant, beneficiary, or fiduciary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." 29 U.S.C. § 1132(a)(3). In order to establish a ERISA claim under § 502(a)(3), a plaintiff must show "1) that a defendant was a fiduciary of the ERISA plan, 2) that a defendant breached its fiduciary responsibilities under the plan, and 3) that the participant is in need of injunctive or other appropriate equitable relief to remedy the violation or enforce the plan." *Adams v. Brink's Co.*, 261 F. App'x 583, 590 (4th Cir. 2008). Plaintiff must also show that the relief being sought under § 502(a)(3) would not be available under § 502(a)(1)(B). *Korotynska*, 474 F.3d at 102-03 ("Because adequate relief is available for the plaintiff's injury through review of her individual benefits claim under § 132(a)(1)(B), relief under § 1132(a)(3) will not lie."). For the reasons below, the Court finds that although Plaintiff has sufficiently established that Defendant Sodexo was a fiduciary, Plaintiff has failed to demonstrate that Sodexo violated a fiduciary duty. Additionally, Plaintiff's relief is fully available under § 502(a)(1)(B).

1. <u>Plaintiff has sufficiently alleged that Sodexo was a fiduciary to Frank</u>

"To state a claim for breach of fiduciary duty under ERISA, the threshold question is whether the plaintiff has sufficiently alleged that the defendant was a 'fiduciary.'" *Moon v. BWX Techs., Inc.*, 577 F. App'x 224, 229 (4th Cir. 2014). Under ERISA, a person is a fiduciary to a plan "'to the extent' that he (1) 'exercises any discretionary authority or discretionary control respecting management of such plan or its assets,' (2) 'renders investment advice for a fee or other compensation,' or (3) 'has any discretionary authority or discretionary responsibility in the administration of such plan.' ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A)." *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 362 (4th Cir. 2015). Courts must "'examine the conduct at issue when determining whether an individual is an ERISA fiduciary'" because "the definition of ERISA fiduciary 'is couched in terms of functional control and authority over the plan.'" *Moon*, 577 F. App'x at 229.

As an employer, Sodexo is allowed to be a fiduciary of a welfare benefit plan, while still performing its duties as an employer. An employer that establishes or "maintains an employee" benefit plan is a plan sponsor. *Sonoco Prods. Co.*, 338 F.3d at 372.

> Unlike traditional trustees who are bound by the duty of loyalty to trust beneficiaries, ERISA fiduciaries may wear two hats. "Employers, for example, can be ERISA fiduciaries and still take actions to the disadvantage of employee beneficiaries, when they act as employers (<u>e.g.</u>, firing a beneficiary for reasons unrelated to the ERISA plan), or even as plan sponsors (<u>e.g.</u>, modifying the terms of a plan as allowed by ERISA to provide less generous benefits)."

*Pender*, 788 F.3d at 362 (internal citation omitted). An employer's status as "an ERISA plan sponsor does not automatically convert the employer into a plan fiduciary." *Moon*, 577 F. App'x at 229. An employer, or plan sponsor, "acts as a fiduciary only to the extent that it 'exercises "any discretionary authority" over the management or administration of a plan.'" *Sonoco Prods.*

*Co.*, 338 F.3d at 372-73. But an employer does not "act as a fiduciary simply 'by performing settlor-type functions such as establishing a plan and designing its benefits.'" *Id.* at 373.

Here, Plaintiff avers that Sodexo exercised discretionary authority over the administration of the plan. According to Plaintiff, Sodexo exercised fiduciary discretion by "(a) preparing and/or distributing the SPD to employees and participants, and (b) supervising and ensuring that The Plan's delegated claims fiduciary, Liberty, complies with the requirements of the plan document and thus The Policy and of ERISA when deciding claims, because Sodexo exercised discretionary authority over the plan's management, and had discretionary authority or responsibility in the plan's administration." ECF No. 1 at ¶ 54. The alleged supervision of Liberty when deciding claims and discretion of the plan's management sufficiently goes beyond "establishing a plan and designing its benefits." *Sonoco Prods. Co.*, 338 F.3d at 373. Thus, the Plaintiff's Complaint has adequately asserted that Sodexo was a fiduciary.

### 2. Sodexo did not violate its fiduciary duty

Although Plaintiff has sufficiently alleged that Sodexo was a fiduciary, Plaintiff has failed to allege that Sodexo violated its fiduciary duty. ERISA requires a fiduciary to discharge its fiduciary duties "'with respect to a plan solely in the interest of the participants and beneficiaries.'" *Varity Corp. v. Howe*, 516 U.S. 489, 506, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996). Its duties include the "'duty to provide beneficiaries with accurate information.'" *Gross v. St. Agnes Health Care, Inc.*, No. ELH-12-2990, 2013 U.S. Dist. LEXIS 130291, at *44 (D. Md. Sept. 12, 2013). "ERISA administrators have a fiduciary obligation 'not to misinform employees through material misrepresentations and incomplete, inconsistent or contradictory disclosures.'" *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 380 (4th Cir. 2001) (citation omitted).

Plaintiff argues that Sodexo breached its fiduciary duty by "distributing to eligible employees, including Frank, a false and fraudulent SPD which includes terms and requirements not in the Policy or the plan document." ECF No. 1 at ¶ 57. Pursuant to 29 U.S.C. § 1022(a), the SPD must be "sufficiently accurate and comprehensive to reasonably apprise [] participants . . . of their rights and obligations under the plan." 29 U.S.C. § 1022(a). Sodexo's description of the Liberty Policy provided in the SPD met this standard. The SPD states that "'Proof' *may* include a claim form submitted by the claimant, an attending physician's statement submitted by the claimant's physician, and 'standard diagnosis, chart notes, lab findings, test results, x-rays, and/or *other forms of objective medical evidence* in support of a claim for benefits.'" ECF No. 1 at ¶ 28 (emphasis added). The SPD also notes that to receive LTD benefits, "you must provide objective clinical evidence satisfactory to Liberty to support your inability to perform the regular duties of your job. ECF No. 1 at ¶ 28. While not copied verbatim from the Liberty Policy, Sodexo's SPD was not a material misrepresentation or contradictory to the Liberty Policy, which included a requirement of "objective medical evidence." Thus, it served its purpose of reasonably apprising the participants of its obligations and Plaintiff has not sufficiently alleged a breach of fiduciary duty.

    3. Relief for Plaintiff's Claims are available under 502(a)(1)(B), making 502(a)(3) inappropriate

Plaintiff seeks relief from Sodexo for breach of fiduciary duty pursuant to ERISA § 502(a)(3), despite also seeking relief under ERISA § 502(a)(1)(B). In the Fourth Circuit, plaintiffs are not permitted to "'seek relief simultaneously under § 502(a)(1)(B) and § 502(a)(3),' when the injury alleged creates a cause of action under § 502(a)(1)(B)." *Conn. Gen. Life Ins. Co.*, 2015 U.S. Dist. LEXIS 91689 at *86. Because § 502(a)(3) "functions as a 'safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere

adequately remedy' equitable relief will not normally be 'appropriate' if relief is available under another subsection of Section 502(a)." *Pender*, 788 F.3d at 364; *see also Varity Corp.*, 516 U.S. at 515 ("Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"); *Korotynska*, 474 F.3d at 102 ("Individualized equitable relief under § 1132(a)(3) is normally appropriate only for injuries that do not find adequate redress in ERISA's other provisions.").

However, a plaintiff is allowed to present multiple theories and seek relief under § 502(a)(3) as a fallback if the theory supporting the § 502(a)(1)(B) claim fails. *Guardian Life Ins. Co. of Am. v. Reinaman*, No. WDQ-10-1374, 2011 U.S. Dist. LEXIS 57100, at *27-28 (D. Md. May 26, 2011) (citing *Varity*, 516 U.S. at 515), ("One theory is that Guardian wrongfully denied the benefits he was entitled to under the Plan. The other is that Shilling—as Guardian's representative—misinformed him of the process for obtaining coverage, and as a result he was never covered by Guardian. Under that theory, Reinaman could not proceed under § 502(a)(1)(B), but could sue under § 502(a)(3).").

Here, Plaintiff argues that Sodexo breached its fiduciary duty "by failing to ensure that its delegated fiduciary, Liberty complied with the terms of the plan document and the Policy and the procedural requirements of ERISA when processing and deciding claims for LTD benefits, including Frank's claim for LTD benefits." ECF No. 1 at ¶ 57. Defendants Sodexo and Sodexo Plan correctly state that the Complaint "alleges ERISA breach of fiduciary duty claims against Sodexo, but those claims amount to nothing more than a claim for the insured disability benefits." ECF No. 14-1 at 2. There is no claim asserted by Frank that, if accepted, would not be covered by the Sodexo Plan and recoverable under § 502(a)(1)(B). *See* ECF No. 1 at ¶ 3

("Plaintiff is, and at all times relevant hereto was, a participant . . . of the Sodexo Long Term Disability Plan ("The Plan") and thereby entitled to receive benefits therefrom."); *see also Varity Corp.*, 516 U.S. at 515 ("But that is not the case here. The Plaintiffs in this case could not proceed under the *first* subsection because they were no longer members of the Massey-Ferguson plan and, therefore, had no 'benefits due them under the terms of the plan.'" (italics in original)). As explained by the Fourth Circuit, "[t]o allow a claim under [](a)(3) would permit 'ERISA claimants to simply characterize a denial of benefits as a breach of fiduciary duty, a result which the Supreme Court expressly rejected.'" *Korotynska*, 474 F.3d at 107.

*Korotynska* is helpful here. In *Korotynska*, the plaintiff alleged "that defendant fiduciary breached its duties to her and other benefits plan participants by engaging in improper claims procedures designed to deny valid claims for long-term disability benefits." *Korotynska*, 474 F.3d at 102. The plaintiff accused the defendant of "[t]argeting types of claims that have self-reported symptoms, lack of objective medical findings supporting the claims, or an undefined diagnosis, without due regard for the actual impact of the claimants' conditions on their ability to work." *Id.* at 103. The Fourth Circuit explained that there was "no question that what plaintiff is pressing is a claim for individual benefits. . . . [and] Korotynska's injury is redressable elsewhere in ERISA's scheme." *Id.* at 105-06. The Fourth Circuit also reasoned that "[n]ot only is relief available to the plaintiff under § 1132(a)(1)(B), but the equitable relief she seeks under § 1132(a)(3) – the revision of claims procedures – is pursued with the ultimate aim of securing the remedies afforded by § 1132(a)(1)(B)." *Id.* at 107-08. Likewise, here, the relief sought is available to Plaintiff under § 502(a)(1)(B). Plaintiff's claim for breach of fiduciary duty against Sodexo is therefore dismissed.

### D. Attorney's Fees and Costs

In their motion to dismiss, Defendants Sodexo and Sodexo Plan seek attorney's fees and costs. ECF No. 14 at 17-18. "ERISA places the determination of whether attorneys' fees should be awarded in an ERISA action completely within the discretion of the district court." *Quesinberry v. Life Ins. Co.*, 987 F.2d 1017, 1029 (4th Cir. 1993). An award of attorney's fees may be assessed against either a party or an attorney. *Childers v. MedStar Health, Inc.*, 289 F. Supp. 2d 714, 717 (D. Md. 2003).

Sodexo and Sodexo Plan argue that Plaintiff's claims against them are without merit, noting that Plaintiff's claim of a "'false and fraudulent' SPD is based solely on the one word difference between ['objective clinical evidence' and 'objective medical evidence']," and that Plaintiff's claim that Sodexo is liable to pay Plaintiff's disability benefits is contrary to case law and Plaintiff's Complaint. ECF No. 14 at 18. While Defendants also note that Plaintiff's lawyer may have been motivated by an "ongoing crusade against Liberty," Defendants do not assert bad faith as a motivation against Sodexo and Sodexo Plan. ECF No. 14 at 19. Plaintiff argues that Defendant Sodexo and Sodexo Plan's request for attorney's fees and costs is without merit because their motion to dismiss is without merit. ECF No. 19 at 24.

While the Court has granted Defendants Sodexo and Sodexo Plan's motion to dismiss, there is no indication that Plaintiff presented her claims against Sodexo and Sodexo Plan with bad faith. *Childers*, 289 F. Supp. 2d at 717 ("Bad faith is evidenced by 'an intentional advancement of a baseless contention . . . .'"); *see Reinking v. Phila. Am. Life. Ins. Co.*, 910 F.2d 1210, 1217-18 (4th Cir. 1990) (listing bad faith as a factor to be considered in determination of attorney fees award). Defendants Sodexo and Sodexo Plan's motion for attorney's fees and costs is DENIED.

### III. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING STANDARD OF REVIEW[2]

Plaintiff has submitted a motion for partial summary judgment regarding the standard of review the Court should apply to its review of the decision to deny her benefits. *See* ECF 31. Defendant Liberty agrees with Plaintiff that the Court should review the decision under a de novo standard. *See* ECF No. 35 at 3. Accordingly, Plaintiff's Motion for Partial Summary Judgment Regarding Standard of Review is GRANTED.

### IV. DEFENDANT LIBERTY'S MOTION TO SEAL EXHIBITS TO AFFIDAVIT OF PAULA J. McGEE

On October 27, 2015,[3] Liberty filed a Motion to Seal Exhibits to Affidavit of Paula J. McGee (ECF No. 35-1), submitted in support of Liberty's opposition to Frank's discovery requests. ECF No. 36. Local Rule 105.11 requires a motion to seal to include "proposed reasons supported by specific factual representations to justify the sealing" and "an explanation why alternatives to sealing would not provide sufficient protection." L.R. 105.11 (D. Md. 2014). "Notably, 'sensitive medical or personal identification information may be sealed,' but not where 'the scope of the request is too broad.'" *J.B. v. Cty. of Howard*, No. ELH-14-3752, 2015 U.S. Dist. LEXIS 7339, at *10 (D. Md. Jan. 21, 2015) (holding that the complaint and exhibits would remain sealed, but the entire case should not remain sealed).

Liberty explains that Exhibit A, which contains Liberty's file related to Plaintiff's claim for disability benefits, "is 970 pages long and contains voluminous medical records and other documents that include personal identifiers and other confidential information." ECF No. 36 at ¶

---

[2] Defendants Sodexo and Sodexo Plan's Motion to Dismiss has been granted and those Defendants shall be removed from this case. As such, Plaintiff's motions considered in this Memorandum Opinion apply to Liberty Life only. Her motion for summary judgment against Sodexo and Sodexo Plan is denied as moot. *See, e.g., Knickman v. Prince George's Cty.*, 187 F. Supp. 2d 559, 567 (D. Md. 2002) ("All of Plaintiff's claims have been dismissed, therefore, her motion for summary judgment is moot.").

[3] The Court can rule upon the motion because at least fourteen days has passed since the motion was filed. *See* L.R. 105.11 (D. Md. 2014).

1. Exhibit B is a disc that contains surveillance videotapes of the Plaintiff that identify her residence. *Id.* at ¶ 3. Liberty argues that "any attempt to redact personal identifiers and other confidential information would be time-consuming and the likelihood that some identifiers may be missed would be significant." *Id.* at ¶ 2.

The Court has considered the motion under the governing standard. *See Doe v. Pub. Citizen*, 749 F.3d 246, 265-66, 272 (4th Cir. 2014). The privacy concern regarding Frank's medical and personal information, including her residence, "heavily outweighs the public interests in access." *Id.* at 266. Furthermore, it would be unduly burdensome to have counsel redact 970 pages for a non-dispositive motion. While these exhibits may ultimately be unredacted for trial or a dispositive motion, the Court agrees with the concern of protecting Plaintiff's privacy and GRANTS Defendant Liberty Life's Motion to Seal Exhibits to Affidavit of Paula J. McGee.

## V. PLAINTIFF's MOTION TO SET A SCHEDULING CONFERENCE AND TO PERMIT DISCOVERY

Plaintiff submitted a motion for this Court to hold a scheduling conference, issue a scheduling order, allow her counsel to depose Dr. Brown once for use in this case and an unrelated case, and to order Defendants to produce the missing policy amendments, premium notices, and evidence as to whether Liberty raised the premium on the Policy because § 12-211 was adopted. ECF No. 31-1 at 2. Defendants Sodexo, Sodexo Plan, and Liberty submitted memorandums in opposition, *see* ECF Nos. 34, 35, and Plaintiff has submitted a reply, *see* ECF No. 38.

Upon issuance of the accompanying Order, counsel for Plaintiff and Defendant Liberty will be contacted to schedule a Rule 16 Scheduling Conference. Thus, this Motion is DENIED as moot.

## VI. CONCLUSION

For the reasons stated above, Defendant Sodexo and Sodexo Plan's Motion to Dismiss is GRANTED, Plaintiff's Motion for Partial Summary Judgment is GRANTED against Defendant Liberty and DENIED as moot against Defendants Sodexo and Sodexo Plan, Plaintiff's Motion to Set a Scheduling Order and Motion to Permit Discovery are DENIED as moot, and Defendant Liberty's Motion to Seal Exhibits is GRANTED.

Dated: December 3, 2015

GEORGE J. HAZEL
United States District Judge